IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No. 11-34867

CHARLES JAMES JOHNSON
JENNIFER JENKINS JOHNSON

      Debtors

ANN MOSTOLLER, TRUSTEE

      Plaintiff

    v.                          Adv. Proc. No. 12-3025

DOVER MORTGAGE COMPANY,
WELLS FARGO BANK, NA,
US BANK NATIONAL ASSOCIATION, and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

      Defendants

**MEMORANDUM ON**
**MOTION TO DISMISS**

**APPEARANCES:**    MOSTOLLER, STULBERG, WHITFIELD & ALLEN
        Ann Mostoller, Esq.
        136 South Illinois Avenue
        Suite 104
        Oak Ridge, Tennessee 37830
        Attorneys for Plaintiff

        LAW OFFICE OF PHILLIP JONES
        Jason S. Mangrum, Esq.
        1800 Hayes Street
        Nashville, Tennessee 37203
        Attorneys for Defendants, US Bank National Association and
        Mortgage Electronic Registration Systems, Inc.

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court on the Complaint filed by the Plaintiff on February 27, 2012, seeking, pursuant to 11 U.S.C. § 506 (2006), a determination of the nature, extent, and priority of the Defendants' lien, if any, on the Debtors' residential real property and, in the event the lien is not perfected, seeking to avoid the transfer of the property pursuant to 11 U.S.C. § 544 (2006), thus allowing her to sell the property pursuant to 11 U.S.C. § 363 (2006) and use the proceeds for the benefit of the Debtors' estate. On March 13, 2012, the Defendants US Bank National Association and Mortgage Electronic Registration Systems, Inc.[1] filed a Motion to Dismiss, together with an accompanying brief, arguing that the Plaintiff has failed to state a claim upon which relief may be granted. The Plaintiff filed a Notice of Dismissal as to Dover Mortgage Company on March 24, 2012, dismissing the Complaint as to that Defendant. On April 3, 2012, the Plaintiff filed the Plaintiff's Response to Defendants' Motion to Dismiss (Response) along with a brief in support thereof. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A), (K), (O) (2006).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12. When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). A complaint need not contain "detailed factual allegations[; however,] a plaintiff's obligation to

---

[1] For the purposes of this Memorandum opinion, the court will collectively refer to US Bank National Association and Mortgage Electronic Registration Systems, Inc. as the "Defendants."

2

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and brackets omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

When deciding a motion to dismiss under Rule 12(b), the court must determine whether the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory."  *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1969).  "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430; *see also New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."); *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.") (citations omitted).

3

Attached to the Complaint is a Note dated October 13, 2008, executed by the Debtors in favor of Dover Mortgage Company in the principal amount of $168,905.00. Additionally, the court has taken judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of the following documents of record in the Debtors' bankruptcy case file which were expressly referenced by the Plaintiff in her Complaint: (1) Motion of U.S. Bank National Association for Relief From Stay and Abandonment of Property by the Trustee (Motion for Stay Relief); and (2) Deed of Trust recorded with the Knox County Register of Deeds on October 20, 2008, pledging as security for the Debtors' Note with Dover Mortgage Company real property located at 1404 Lakeshire Drive, Knoxville, Tennessee (Lakeshire Drive Property).

In the Complaint, the Plaintiff states that she has filed "this action to determine the nature, extent and priority of the Defendants' lien, if any, on the property of the Debtor(s), pursuant to Bankruptcy Rule 7001(2) and 11 U.S.C. §506," and makes the following allegations as the factual basis for her cause of action:

> 7. Debtor(s) scheduled US Bank Home Mortgage as a secured creditor with a mortgage on real property located at 1405 Lakeshire Drive, Knoxville, TN 37922.
>
> 8. Defendant, US Bank, National Association, filed a Motion for Stay Relief on January 13, 2012. The documents attached to the proof of claim [sic] include a deed of trust and note to Defendant, Dover Mortgage Company, with two endorsements on the note. One is to Defendant, Wells Fargo Bank, NA, which has been marked out and replaced with Defendant, US Bank, NA. The other endorsement is in blank by Defendant, Wells Fargo National Association, and has been marked void. (See attached Exhibit)
>
> 9. The Defendant, Mortgage Electronic Registration Systems, Inc. is listed as the nominee for Defendant, Dover Mortgage Company, and its successors and assigns and is the beneficiary under the deed of trust referenced in paragraph 8.

      10.  The Defendant, US Bank, National Association has failed to provide sufficient documentation for Plaintiff to determine whether there is a properly perfected security interest in the property.  (See attached Exhibit)

COMPL. at ¶¶ 7-10.  Accordingly, the Plaintiff has requested that "the Court determine the nature and extent of the liens of the Defendants . . . [and i]n the event that the Defendants' lien is not perfected or could be avoided, Plaintiff believes that the residence is property of the bankruptcy estate, . . . is property which the Trustee may use, sell or lease pursuant to 11 U.S.C. §363[ . . . and the] Plaintiff seeks entry of a Judgment that her interest in the property is superior to that of the Defendants pursuant to 11 U.S.C. §544."  COMPL. at ¶¶ B, 11.

      The Plaintiff's request that the court "determine the nature and extent of" the Defendants' liens clearly falls within the scope of Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.  As was recently explained in *In re Hunter*, 466 B.R. 439 (Bankr. E.D. Tenn. 2012), "'[v]alidity' means the existence or legitimacy of the lien itself, 'priority' means the lien's relationship to other claims or interests in the collateral, and 'extent' means the scope of the property encompassed by or subject to the lien."  *Hunter*, 466 B.R. at 447 (quoting *In re Millspaugh*, 302 B.R. 90, 96 (Bankr. D. Idaho 2003) (quoting *In re King*, 290 B.R. 641, 648 (Bankr. C.D. Ill. 2003))).  And, as in *Hunter*, the court once again finds that the Plaintiff's reliance on § 506, which "governs the amount and treatment of secured claims . . . [and] 'was intended to facilitate valuation and disposition of property in the reorganization chapters of the Code'" as the statutory basis for bringing and prosecuting this adversary proceeding is misplaced.  *Hunter*, 466 B.R. at 447 (quoting *Shook v. CBIC (In re Shook)*, 278 B.R. 815, 822 (B.A.P. 9th Cir. 2002) (quoting *Oregon v. Lange (In re Lange)*, 120 B.R. 132, 135 (B.A.P. 9th Cir. 1990))).

Notwithstanding the Plaintiff's argument to the contrary that the facts giving rise to this adversary proceeding and those addressed in *Hunter* may be distinguished, the same reasoning applies, and the court's decision in *Hunter* likewise controls in this adversary proceeding. Although the Complaint contains an allegation that the Defendant US Bank National Association has failed to provide the Plaintiff with sufficient documentation to determine whether there is a properly perfected security interest in the Lakeshire Drive Property, the record unambiguously establishes that this property is encumbered with a properly perfected lien by virtue of the Deed of Trust executed by the Debtors and recorded with the Knox County Register of Deeds on October 20, 2008, and the Plaintiff has failed to plead any facts to support avoidance of the lien. As was the case in *Hunter*, the Plaintiff's Complaint does not call into question the nature, extent, or validity *of the lien* against the Lakeshire Drive Property, but instead, appears to question the Defendants' standing to enforce the $168,905.00 Note executed on October 13, 2008, in favor of Dover Mortgage Company and its successors and assigns which is secured by the Deed of Trust. To this end, for the following reasons, the Plaintiff's Complaint is insufficient.

The gravamen of the Plaintiff's allegations concern the two endorsements on the face of the Note, one of which has been voided and one of which contains an initialed deletion of the name Wells Fargo Bank, NA with the name of the Defendant "US Bank, N.A." inserted in its place. The Plaintiff's questions concerning these endorsements, however, do not give rise to any questions as to the validity of the lien on the Lakeshire Drive Property and do not sufficiently call into question the validity of the signatures on the Note under Tennessee Code Annotated § 47-3-308(a) (Supp. 2011), which requires the specific denial of a signature in the pleadings. As extensively explained in *Hunter*, the party entitled to enforce a note and its accompanying deed of trust is the real party in

interest authorized to enforce the rights of a mortgagee in a bankruptcy. Under Tennessee law, the party entitled to enforce an instrument is either "(i) the holder of the instrument, [or] (ii) a nonholder in possession of the instrument who has the rights of a holder[.]" *Hunter*, 466 B.R. at 448 (quoting TENN. CODE ANN. § 47-3-301 (2001)). By its very terms, the definition includes not merely holders but also "any other person who under applicable law is a successor to the holder or otherwise acquires the holder's rights" via transfer from a transferee with the right to enforce. *Hunter*, 466 B.R. at 448 (quoting TENN. CODE ANN. § 47-3-301 OFFICIAL CMTS.); *see also* TENN. CODE ANN. § 47-3-203 (2001). In her Brief in Support of Plaintiff's Response to Defendants' Motion to Dismiss, the Plaintiff acknowledges that the Defendant US Bank National Association holds the original Note. "In Tennessee, the holder of a note has the right to pursue foreclosure of the corresponding security instrument." *Citizens Nat'l Bank v. Mountain Ridge, LLC*, 2010 WL 4238479, at *3 (E.D. Tenn. Oct. 21, 2010); *see also Schmidt v. Nat'l City Corp.*, 2008 WL 5248706, at *4 (E.D. Tenn. Dec. 17, 2008) ("In Tennessee, when notes secured by a mortgage are assigned, the mortgage passes along with the note and can be enforced by the assignee. Therefore, in Tennessee, the holder of the note at the time of default can institute foreclosure.") (citations omitted).

For the foregoing reasons and based upon the facts pled by the Plaintiff in the Complaint, taken in a light most favorable to her, the Plaintiff has failed to plead a cognizable claim. The Defendants' Motion to Dismiss will be granted, and the Complaint will be dismissed as to the Defendants US Bank National Association and Mortgage Electronic Registration Systems, Inc., leaving the Complaint pending only as to the Defendant Wells Fargo Bank, NA, and the Plaintiff will be ordered to appear and show cause why it should not also be dismissed as to that remaining defendant.

An Order consistent with this Memorandum will be entered.

FILED: May 1, 2012

                                    BY THE COURT

                                    */s/ RICHARD STAIR, JR.*

                                    RICHARD STAIR, JR.
                                    UNITED STATES BANKRUPTCY JUDGE